**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES FLOYD PRICE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 05-CV-0103-CVE-SAJ |
| MIKE ADDISON, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 7). Petitioner filed a response to the motion to dismiss (Dkt. # 9). Respondent's motion to dismiss is premised on the allegation that Petitioner failed to file this petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons discussed below, the Court finds that the petition is untimely filed and Respondent's motion to dismiss shall be granted.

*BACKGROUND*

In Tulsa County District Court, Case No. CF-90-543, Petitioner was convicted by a jury of five (5) counts of Soliciting a Minor to Participate in a Lewd Photograph, one (1) count of Indecent Exposure, 23 counts of Lewd Molestation, and four (4) counts of Indecent Proposal to a Child. He was sentenced to ten (10) years imprisonment for Indecent Exposure and twenty (20) years imprisonment for each of the 32 other counts, all to be served consecutively. He was also ordered to pay a fine of $25,000.00 on each of Counts 1, 2, 3, and 4. In Tulsa County District Court, Case No. CF-90-1041, Petitioner was convicted by a jury of three (3) counts of Soliciting a Minor to Participate in a Lewd Photograph. In that case, he was sentenced to twenty (20) years imprisonment

on each count, to be served consecutive to each other, and consecutive to all sentences in Case No. CF-90-543.  He was also fined $25,000.00 per count.

Petitioner appealed his Judgments and Sentences to the Oklahoma Court of Criminal Appeals ("OCCA").  On February 28, 1994, in No. F-1990-1209, the OCCA affirmed Petitioner's convictions entered in Case No. CF-90-543.  See Dkt. # 8, Ex. D.  On September 13, 1994, the OCCA denied Petitioner's "Petition for Review"[1] filed in No. F-1990-1209.  On June 20, 1994, in No. F-1991-724, the OCCA affirmed his convictions entered in Case No. CF-90-1041.  See Dkt. # 8, Ex. E.  On November 10, 1994, the OCCA denied the "Petition for Review" filed in No. F-1991-724.  Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

Almost ten (10) years later, on October 27, 2004, Petitioner filed applications for post-conviction relief in both cases in the state district court.  See Dkt. # 8, Exs. G and H.  By Orders filed December 6, 2004, the state district court denied the applications.  See Dkt. # 8, Exs. A and C, attachments.  Petitioner appealed.  By Order filed February 3, 2005, in PC-2004-1281 and PC-2004-1282, the OCCA affirmed the denial of post-conviction relief.  See Dkt. # 8, Ex. B.

Petitioner filed the instant federal petition for writ of habeas corpus on February 18, 2005. See Dkt. # 1.  In the petition, Petitioner challenges his sentences entered in both CF-90-543 and CF-90-1041, and argues, as he did in his state applications for post-conviction relief, that he was improperly sentenced under Blakely v. Washington, 542 U.S. 296 (2004).

---

[1] Petitioner's direct appeals were heard by a panel of the Emergency Appellate Division.  As a result, pursuant to Rule 12.10, *Rules of the Oklahoma Court of Criminal Appeals*, he was allowed to petition the OCCA for discretionary review within twenty (20) days of either the panel's original opinion or ruling on a petition for rehearing.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment

3

of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Application of these principles to the instant case leads to the conclusion that this habeas petition was not filed within the one-year limitations period. After the OCCA entered its orders denying the "Petitions for Review," Petitioner's convictions became final when the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, his convictions in Case No. CF-90-543 became final December 12, 1994. His convictions in Case No. CF-90-1041 became final on February 8, 1995. For both cases, his convictions became final before enactment of the AEDPA. As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the grace period. Petitioner did not file his post-conviction applications until October 27, 2004, or more than seven (7) years beyond

the April 24, 1997 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding filed by Petitioner did not toll the limitations period in this case. Therefore, the habeas corpus petition, filed February 18, 2005, appears to be untimely.

In his reply to Respondent's response, Petitioner states that the issue raised in his petition is that the "enhanced consecutive sentencing" entered in his cases violated the Sixth Amendment under principles announced by the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), thereby rendering his sentences invalid. See Dkt. # 9 at 5. Petitioner asserts that the basis of his claim "could not have been reasonably formulated under Oklahoma or Federal Law and was unavailable until the United States Supreme Court rendered their decision in Blakely v. United States, 124 S.Ct. 2531 (2004) . . . ." See id.

The Court disagrees with Petitioner's argument. As stated above, section 2244 delays the start of the limitations period only for newly recognized constitutional rights that are retroactively applicable. 28 U.S.C. § 2244(d)(1)(C). Even if Petitioner's claim that his consecutive sentences somehow constituted "enhancement" precluded by Apprendi and its progeny, including Blakely and Booker, his argument fails because the Supreme Court's holdings in those case have not been made retroactively applicable to cases on collateral review. The Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 125 S.Ct. at 769. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Apprendi,

Blakely, or Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (finding that Apprendi is not retroactively applicable to habeas petitions). Because the Supreme Court's decisions in Apprendi, Blakely, and Booker do not apply retroactively to cases on collateral review, they do not provide a basis for restarting Petitioner's one-year limitations period.

Aside from the recent Supreme Court decisions, Petitioner provides no explanation for the delay in filing this habeas corpus petition. Although the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner in this case has not identified, nor does the record suggest, any extraordinary circumstances that would justify equitable tolling of the one-year limitations period. Therefore, the Court concludes that the petition for writ of habeas corpus, filed February 18, 2005, is precluded by the statute of limitations.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss time barred petition shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition as barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

**IT IS SO ORDERED** this 30th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT